BAYLA HANNER vs. CLASSIC AUTO BODY, INC. & another.[1]

Essex.    May 21, 1980. — June 27, 1980.

Present: BROWN, GREANEY, & PERRETTA, JJ.

*Consumer Protection Act*, Attorney's fees, Collection of debt.  *Damages,*
  Consumer protection case, Attorney's fees.

Where an automobile repair shop ignored the statutory enforcement pro-
  cedure for a repairman's lien and seized an automobile without proc-
  ess, a finding was warranted that the shop had engaged in an unfair
  attempt to collect a debt due it and had committed an act which vio-
  lated G. L. c. 93, § 49, and c. 93A, § 2 (*a*). [122-123]
A judge's award of $25 as attorney's fees and costs pursuant to G. L.
  c. 93A, § 9 (4), was incommensurate with the objective value of the
  services rendered. [123-124]

CIVIL ACTION commenced in the Superior Court on
April 21, 1977.
The case was heard by *Ronan, J.*
The case was submitted on briefs.
*Gerald L. Goodstein* for the plaintiff.
*Fred Pearlmutter* for the defendants.
GREANEY, J.  This case arises out of a common consumer
dispute concerning repairs to an automobile.  The plaintiff,
dissatisfied with repairs made by the defendant Classic Auto
Body, Inc. (Classic), to her foreign sports car, stopped pay-
ment on her check for the repairs and thereafter refused to
pay Classic's bill.  The repair shop's owner, James Russo,
located the car and towed it to Classic's garage.  The plain-
tiff filed suit in the Superior Court alleging conversion and
the infliction of "severe emotional distress."  The plaintiff
recovered the car by authority of a restraining order issued
on her complaint.  Classic filed suit for the amount of its bill

[1] James Russo.

and the plaintiff responded by amending her action to add a claim under G. L. c. 93A, § 2, presumably based on the assertion that the unauthorized towing of the car amounted to an unfair attempt to collect the repair bill. The actions were consolidated for trial, after which the judge awarded Classic the full amount of its repair bill ($414.25), and in the plaintiff's action (all claims except the alleged c. 93A violation having been waived) found that the seizure of the automobile constituted an unfair or deceptive practice prohibited by G. L. c. 93A, § 2 (*a*). The plaintiff was awarded the statutory minimum of twenty-five dollars in damages (G. L. c. 93A, § 9[3]), and twenty-five dollars for attorney's fees and costs (G. L. c. 93A, § 9[4]). The appeals are by the defendants from the judgment entered on the c. 93A claim and by the plaintiff from the amended judgment awarding attorney's fees and costs. We affirm the judgment against the defendants, and modify the judgment assessing attorney's fees and costs, finding the award of $25 incommensurate with the objective value of the services rendered.

1. *The c. 93A claim.* The defendants maintain that their conduct did not violate the statute because the repairman's lien (G. L. c. 255, § 25, as amended by St. 1972, c. 767) gave Classic a possessory interest in the car, permitting its seizure on sight without the benefit of court process. Their brief does not contain a single meaningful citation in support of this contention and amounts to inadequate appellate argument on the point. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). *Lolos* v. *Berlin*, 338 Mass. 10, 13-14 (1958). It is sufficient to say that the facts found by the judge (a transcript of the evidence on the merits has not been produced) support his implicit conclusion that by ignoring the statutory enforcement procedure (G. L. c. 255, § 26, as amended by St. 1975, c. 377, § 150), for their lien and seizing the car without process, the defendants engaged in an unfair attempt to collect the debt due Classic and

committed an act which violated G. L. c. 93, § 49, as amended by St. 1975, c. 155,[2] and G. L. c. 93A, § 2(a).

2. *Attorney's fees and costs.*  Against a time scheduled bill reflecting thirty-eight and one-quarter hours of work at fifty dollars an hour (totalling $1,912.50), and after an evidentiary hearing, the judge awarded twenty-five dollars as reasonable attorney's fees and costs, finding that "the contribution of counsel for the consumer was, to understate the matter, minimal." Under G. L. c. 93A, § 9(4), a plaintiff who prevails in an action under § 2 of the statute is entitled to "reasonable attorney's fees and costs incurred in connection with [the] action," "irrespective of the amount in controversy." The amount of the fee is "largely discretionary" (*Linthicum* v. *Archambault,* 379 Mass. 381, 388 [1979]), and is to be based "not on what the attorney usually charges but, rather, on what his services were objectively worth." *Heller* v. *Silverbranch Constr. Corp.,* 376 Mass. 621, 629 (1978). Factors in making such a determination are "(1) how long the trial lasted, (2) the difficulty of the legal and factual issues involved, and (3) the degree of competence demonstrated by the attorney." *Id.* "[T]he judge . . . [passing on the award] should [also] consider . . . the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." *Linthicum* v. *Archambault, supra* at 388-389. The goal is to allow just and fair compensation for the services and efforts of counsel on the case viewed as a whole.

In awarding fees in this case the judge could have considered that much of the legal work was rendered in connec-

---

[2] "No one who is a creditor or an attorney for a creditor, or an assignee of a creditor, of a natural person present or residing in Massachusetts who has incurred a debt primarily for personal, family or household purposes shall collect or attempt to collect such debt in an unfair, deceptive or unreasonable manner . . . .

"Failure to comply with the provisions of this section shall constitute an unfair or deceptive act or practice under the provisions of chapter ninety-three A."

tion with the conversion claim in securing the restraining order, that the c. 93A claim was added after the car had been recovered and concerned fairly pedestrian legal issues, that the repair bill was a legitimate debt of the plaintiff, and that the potent artillery of c. 93A was used to dispose of a dispute which could have been better adjusted under the conversion action. Nevertheless, we think that "the amount [awarded] is clearly incommensurate with an objective evaluation of the services performed." *Heller* v. *Silverbranch Constr. Corp., supra* at 630. On a sufficiently informative record, we have considered that at the time the original action was amended, jurisdiction over c. 93A claims was vested exclusively in the Superior Court, that the claim appears to have been competently prepared, and that the trial (which lasted less than one day) resulted in a finding for the consumer. We have factored out of the award the considerable amount of time spent on the conversion claim as well as time spent on work which appears to be unnecessary or duplicative. With due weight accorded to the variables that are within the personal observation of the judge, we think, even at journeyman's rates, that a reasonable award, including costs in this case, is $250. Anything less would require of counsel a heroic sacrifice out of spirit with the provisions of G. L. c. 93A.

The judgment entered on November 24, 1978, on the plaintiff's claim under G. L. c. 93A, is affirmed. The amended judgment entered on December 6, 1978, awarding the plaintiff attorney's fees and costs is to be modified by striking therefrom the words "attorney's fees in the amount of twenty-five dollars and costs" and inserting in their place "attorney's fees (which are to include costs) in the amount of $250." As so modified that judgment is affirmed. The plaintiff, Hanner, is to have the usual costs of appeal.

*So ordered.*