*Paul J. Jenkins,* pro se.


JANE GERACI *vs.* CROWN CHEVROLET, INC. February 4, 1983. This action arises out of the sale by the defendant to the plaintiff of a used automobile. The plaintiff sought recovery on a number of theories, including breach of express and implied warranties under the Uniform Commercial Code (G. L. c. 106, §§ 2-313(1)[a], 2-314, and 2-315), violation of G. L. c. 93A, §§ 2(*a*) and 9, and deceit. After a trial in the Superior Court before a judge without a jury, judgment entered for the defendant on all

the claims except the one under G. L. c. 93A. On that claim judgment entered for the plaintiff in the amount of $100 accompanied by an order awarding plaintiff's counsel $1,000 in attorney's fees pursuant to G. L. c. 93A, § 9(4). The plaintiff has appealed.

1. The judge made detailed findings of fact and concluded that "although there were numerous problems with this two-year-old car [which had] 37,000 miles on it when purchased by the plaintiff, I have not been satisfied by a preponderance of the evidence that the problems were caused by a defect or defects existing at the time of sale." Under Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974), we do not set aside a trial judge's findings of fact unless they are clearly erroneous, and we give due regard "to the opportunity of the trial court to judge of the credibility of the witnesses." The definition of the term "clearly erroneous" has been often stated and discussed. See *C.C. & T. Constr. Co. v. Coleman Bros.,* 8 Mass. App. Ct. 133, 135 (1979), and cases cited. See also *Markell v. Sidney B. Pfeifer Foundation, Inc.,* 9 Mass. App. Ct. 412, 417-418 (1980). We have examined the evidence in this case and discern adequate basis for the judge's subsidiary findings of fact and his conclusion quoted above. In particular, the testimony given by the prior owner of the automobile and the four witnesses from the automobile dealership (its general manager, business manager, service director, and president) support the judge's decision. We reject the plaintiff's contentions (a) that the testimony of the dealership's witnesses should have been accorded little or no weight; (b) that her two experts were due greater credence than the defendant's expert; and (c) that the documentary evidence (consisting primarily of results of inspections of the vehicle by the witness from Hideaway Texaco and the defendant's repair orders) should supplant the extensive oral testimony and convert the case into one in which the factual issues are to be decided in the first instance by this court. See generally discussion in *Markell v. Sidney B. Pfeifer Foundation, Inc., supra* at 429-430. Finally, the judge had the power to relieve the defendant of the effect of stipulation no. 9 if he found (as he did) that the stipulation was improvidently made and not conducive to the interests of justice. See *Loring v. Mercier,* 318 Mass. 599, 601 (1945).

2. The judge's finding that the plaintiff had failed to establish that the automobile, when sold, had the defects complained of at trial eliminates the need to discuss her remaining contentions with respect to the warranty and deceit claims. See *Walsh v. Atamian Motors, Inc.,* 10 Mass. App. Ct. 828, 829 (1980).

3. There was no error in the judge's conclusion that the plaintiff had no right to revoke her acceptance. That conclusion is supported by findings that the vehicle's mechanical problems had not been shown to arise from defects existing at the time of purchase; that the vehicle had been involved in an accident in which it incurred approximately $400 worth of damage which had not been repaired; and in addition that appreciable

mileage had been added to the vehicle's odometer. See G. L. c. 106, §§ 2-601 and 2-608(2); *Axion Corp.* v. *G.D.C. Leasing Corp.*, 359 Mass. 474, 480 (1971); *Akron Brick & Block Co.* v. *Moniz Engr. Co.*, 365 Mass. 92, 95 (1974).

4. The judge's failure to rule on the plaintiff's requests for rulings of law does not vitiate his decision. The judge's findings of fact and rulings of law satisfy the three purposes underlying the requirement in Mass.R.Civ.P. 52(a) for written findings. See *Cormier* v. *Carty*, 381 Mass. 234, 236 (1980). The principles discussed in *Ricky Smith Pontiac, Inc.* v. *Subaru of New England, Inc.*, 14 Mass. App. Ct. 396, 404-405 (1982), otherwise govern the plaintiff's contentions on this issue.

5. On the basis of his findings of fact and conclusions of law as to liability, we are satisfied that the judge had ruled (at least implicitly) on all of the claimed violations of G. L. c. 93A, with the exception of the claim that the plaintiff was charged an excessive finance fee in violation of G. L. c. 255B, § 14, and the rules and regulations of the Attorney General, 940 Code Mass. Regs. § 3.16(3) (1978). That claim, which it appears was inadvertently overlooked by the judge in dealing with the numerous claims facing the court, will be remanded for disposition on the basis of the evidence presented.

6. The minimal damages awarded for the two violations of G. L. c. 93A were proper in view of the causation standards set forth in *Kohl* v. *Silver Lake Motors, Inc.*, 369 Mass. 795, 800 (1976).

7. We are satisfied that the judge has implicitly denied the plaintiff's request for an award of fees to one of the plaintiff's expert witnesses. The award of expert witness fees is usually discretionary. *George* v. *Coolidge Bank & Trust Co.*, 360 Mass. 635, 640 (1971). We do not read *Linthicum* v. *Archambault*, 379 Mass. 381, 389 (1979), as changing this rule to require an award of fees in a c. 93A case where the plaintiff obtains only a minimal recovery. The denial of the fees here was not an abuse of discretion.

8. The award of attorney's fees to plaintiff's counsel is supportable under the factors discussed in such cases as *Heller* v. *Silverbranch Corp.*, 376 Mass. 621, 629-630 (1978), *Linthicum* v. *Archambault, supra* at 388, and *Hanner* v. *Classic Auto Body Inc.*, 10 Mass. App. Ct. 121, 123 (1980).

Accordingly, the only shortcoming of the judgment is the failure to consider the c. 93A claim discussed in part 5 of this opinion. The judgment is vacated and the case remanded for findings on that claim consistent with this opinion after which a new and augmented judgment is to be entered.

*So ordered.*

*Robert Kaplan* (*Paul R. Collier, III*, with him) for the plaintiff.
*William H. Mayer* for the defendant.