McHugh, J.
Following a jury verdict in plaintiffs favor awarding $2,000 in actual damages for an unfair or deceptive practice violative of G.L.c. 93A, plaintiff seeks to recover attorneys fees in the amount. of $13,552.50 plus costs and disbursements in the amount of $1,708.13 for a total of $15,260.63. The same jury awarded the defendant $2,000 on its counterclaim but concluded that the defendant’s unfair and deceptive act or practice was knowing and willful. Accordingly, this court doubled the plaintiffs compensatory damage award of $2,000. The result of all of that amounted to a net recovery in favor of plaintiff against defendant in the amount of $2,000, the penalty amount assessed against defendant for the knowing and willful violation of G.L.c. 93A.[1] To support its claim for attorneys fees and costs, plaintiff has submitted an affidavit of its counsel together with time sheets showing the time spent and the activities performed while the case was in progress.
When faced with a request for attorneys fees under G.L.c. 93A, the court is entitled to make a judgment based on its own knowledge of the case and the activities performed by counsel in connection with the progress of that case. Heller v. Siluerbranch Construction Corp., 376 Mass, 621, 629-30 (1978). The award of fees “depends not on what the attorney usually charges, but, rather on what his [or her] services were objectively worth." Id. at 629.
Absent specific direction from the Legislature, the crucial factors in making such a determination are (1) how long the trial lasted, (2) the difficulty of the legal and factual issues involved, and (3) the degree of competence demonstrated by the attorney.
Id. at 629. See also Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979).
Where, as here, there is a contingent fee agreement, the terms of that agreement do not necessarily govern the amount of fees to be awarded, although those terms should be taken into account in making the overall fee decision. See Winthrop Corp. v. Lowenthal, 29 Mass.App.Ct. 180, 188 & n.6 (1990); Tanios v. C.H. Babb Co.. Inc., 10 Mass.App.Ct. 474, 482 (1980). Moreover, plaintiff is not entitled to compensation for claims on which it was unsuccessful simply because it achieved success on the claim under G.L.c. 93A. Hannah v. Classic Auto Body, Inc., 10 Mass.App.Ct. 121, 124 (1980); Morse v. Mutual Federal S&L Ass'n, 536 F.Supp. 1271, 1283-84 (D.Mass. 1982). Nevertheless, if successful and unsuccessful claims are inextricably interwoven, then the court my take into account the work on the unsuccessful claims in making the overall fee award. Pinshaw v. Monk, 565 F.Supp, 44 (D.Mass. 1983).
Dealing first with the last point, there is no doubt that juror comprehension of the nature of the asserted unfair and deceptive practice required some understanding of all phases and facets of the transactions between the parties. The unfair and deceptive practice itself consisted of stopping payment on a check. But to understand why stopping payment on that check was unfair or deceptive, the jury had to know the circumstances under which defendant tendered the check to plaintiff, what the parties said at the time the tender occurred and the backdrop against which the tender was made.
Having said all that, it is also clear that, were stoppage of payment on the check the only issue the case involved, neither side would have had to explain in as much detail as they actually did the intricacies of the transactions between them. That exploration was required, in the context of the case actually tried, because both sides sought to recover on their claims of breach of contract. Thus, while the 93A case required some understanding of the backdrop against which defendant entered the stop-payment order, that understanding could have come with much less detailed factual recitation of the relationship between the parties than was required for the case they actually tried.
While any attempt at uncoupling of interrelated facts is bound to result in some imprecision, I am of the opinion that approximately forty percent of the effort plaintiff actually made in this case would have been required to process the G.L.c. 93A claim standing alone. Having that in mind, and having in mind the other criteria described in the cited cases, 1 am of the opinion that a fee in the amount of $4,500 is fair and reasonable.[2]
Allowable costs Eire those statutorily permitted or required. Waldman v. American Honda Motor Company, Inc., 413 Mass. 320 (1992). Accordingly, plaintiff is entitled to recover filing fees in the amount of $61, fees for service of process in the amount of $24.65, fees for witnesses and the costs of serving witnesses in the amount of $78, and charges for depositions in the total amount of $518.75 for a total of $682.40.
ORDER
In light of the foregoing, judgment shall enter
1. In favor of plaintiff. Forest City Craftsmen, Inc., against defendant Leon DeMagistris d/b/a Leon & Company in the amount of $2,000 plus interest from the date the action was commenced plus an additional $2,000 without interest;
2. In favor of plaintiff. Forest City Craftsmen, Inc., against defendant Leon DeMagistris d/b/a Leon & Company in the additional amount of $5,182.40 without interest; and
*455 3. In favor of defendant, Leon DeMagistris d/b/a Leon & Company against plaintiff, Forest City Craftsmen, Inc., in the amount of $2,000 plus interest.

 There is no prejudgment interest on the “penalty” amount, MacAvoy Travel Bureau, Inc. v. Norton vCo., 408 Mass. 704, 717 (1990), and the damage awards plus applicable interest on the compensatory damages awarded to plaintiff and defendant cancel each other out

 In reaching that result, 1 have considered the time records counsel for plaintiff maintained. Those time records, while helpful, are not dispositive. See Handy v. Commissioner, U.S. Penal Institutions, 412 Mass. 759, 767-68 (1992).