Tucker, Richard T., J.
This matter has come before the Court following the finding that the insurer, Commerce Insurance Company (“Commerce”), violated the provisions of G.L.c. 176D in its handling and adjusting of the claim of Pierre Sterlin against its insureds, Sagar Patel and Mukesh Patel. A violation of G.L.c. 176D having been found, the Court awarded actual damages in the amount of $5,733.75 under G.L.c. 93A. This amount was trebled upon the finding that Commerce had knowingly or wilfully violated the Massachusetts Consumer Protection Act (“Act”) for a total damage award of $17,201.25. The provisions of the Act provide that the plaintiff shall also be entitled “in addition to other relief provided for by this section and irrespective of the amount in controversy [to] be awarded reasonable attorneys fees and costs incurred in connection with said action;...” G.L.c. 93A, §9(4). To this end the Court has reviewed the memoranda, affidavits, hourly billing materials and other materials submitted by the parties. The Court finds and orders as follows.
Applicable Legal Standard
In awarding costs and attorneys fees, the Court must distinguish between those charges related to the c. 93A claim and those of the underlying tort claim. Jet Line Services v. American Employee Insurance Co., 404 Mass. 706, 719 (1989); Siegel v. Berkshire Life Ins. Co., 64 Mass.App.Ct. 698, 706 (2006); Bump v. Robbins, 24 Mass.App.Ct. 296, 313 (1987). The award of fees is “largely discretionary” with the trial judge, Linthicum v. Archambault, 379 Mass. 381, 388 (1979), and should be based “not on what the attorney usually charges, but, rather on what his services were objectively worth.” Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 629 (1978); Hanner v. Classic Auto Body, Inc., 10 Mass.App.Ct. 121, 123-24 (1980). “The goal is to allow just and fair compensation for the services and efforts of counsel on the case viewed as a whole.” Hanner, supra at 123.
In determining what a lawyer’s services “were objectively worth,” the Court should consider the following factors: “(1) how long the trial lasted, (2) the difficulty of the legal and factual issues involved, and (3) the degree of competence demonstrated by the attorney.” Heller, supra at 629. Also to be considered are “the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.” Linthicum, supra at 388-89.
DISCUSSION
The Court finds that the attorneys representing the plaintiff, Michael P. Murphy and Robert D. Canty, are both experienced, competent and able attorneys who represented their client well. The hourly rates charged by both are reasonable and neither, to this Court’s knowledge, enjoy anything but a reputation as being able and conscientious attorneys. Combined, they seek a total of $100,448 in attorneys fees and costs in the amount of $10,899.69.
Counsel for Commerce, also a very able practitioner, opposes the application in such amounts and submits a very detailed “red lined” copy of the billing for legal fees in which he deducts $19,860.00 in “non-chapter 93A time billed” and $8,663.76 in “non-chapter 93A expenses.” Defense counsel argues that the base attorneys fees are $39,638.00 (Attorney Canty), $40,950.00 (Attorney Murphy),[1] and out-of-pocket expenses of $2,235.93, for a total base of $70,588.00 attorneys fees and $2,235.93 expenses.
I credit and accept generally defense counsel’s reduction, set forth in his “red lined” billing of attorneys fees of legal services performed for other than the c. 93A claim. The Court has taken exception with one reduction, however: the March 12, 2008 charge for taking the deposition of Attorney Caniy of $2,137.50. I find the deposition to be necessary and related to the c. 93A claim.
The Court is mindful, however, that the overall award on the c. 93A claim, after trebling, for the knowing or willful nature of the acts of Commerce was only $17,201.25. The Court is instructed to consider as one factor “the result obtained” in awarding attorneys fees. Linthicum, supra at 388-89. Although an award of c. 93A attorneys fees is not totally dependent upon the amount ultimately recovered and they may, in appropriate circumstances, exceed the amount of recovery, Raymer v. Bay State Nat’l Bank, 384 Mass. 310, 319-20 (1981), Geraci v. Crown Chevrolet, Inc., 15 Mass.App.Ct. 935, 936 (1983), proportionality of an award of attorneys fees to the ultimate award is sought. See Miller v. Risk Mgmt. Found. of the Harvard Med. Insts., Inc., 36 Mass.App.Ct. 411, 422 (1994) (on award of attorneys fees, court may consider whether there was much “promise” to the claim when commenced); Hanner, 10 Mass.App.Ct. at 124 (a reduced award of attorneys fee of $250 against attorney’s billing of $1,912.50 where recovery was only $25). The court heard testimony at trial of Attorney Michael Brown, who represented two other plaintiffs injured in the same car as plaintiff and who were treated in the same manner by Commerce as plaintiff. He decided against bringing a c. 93A claim on behalf of his clients as not being feasible. Factoring in the total award of damages in this case of $17,201.25 and Linthicurris instruction that “the result obtained” is one factor to look to in the award of reasonable attorneys fees, this Court believes that an award of $35,000 is appropriate.
Defendant argues also that the out-of-pocket expenses (costs) sought by plaintiff in the amount of $10,899.69 are not reasonable. Objections as to charges for non-93A claim services are made to various telephone calls, deposition of the plaintiffs father, deposition of an insurance agent and subpoena charges. These charges have been submitted in affi *305 davit form by the plaintiff s attorneys. The unsubstantiated statement by defense counsel that these charges do not relate to the 93A claim does not suffice for this Court to reject them.
Defense counsel makes a stronger argument in regard to the charge $6,491 for the plaintiffs expert, James Schratz. Mr. Schratz did testily at trial that in his expert opinion, Commerce’s handling of plaintiff s claim was not proper and was quite deficient in a number of areas. Because Mr. Schratz’s opinion was not mentioned by the Court in its written decision, defendant’s counsel concludes that the Court “implicitly gave no weight to Schratz’s testimony” and thus plaintiff should not be reimbursed for this cost. This conclusion is inaccurate. Although the facts as presented provided the Court with ample basis for its decision without reference to Mr. Schratz’s opinion, for plaintiff to proceed to trial without an expert might have been veiy disadvantageous. This Court will not reduce the out-of-pocket expenses (costs) of plaintiffs attorneys for this or any other charge.
ORDER
For the above stated reasons the Court:
(1) CONFIRMS its February 2, 2009 prior finding and award to plaintiff of $17,201.25 in actual and punitive damages;
(2) AWARDS the plaintiff attorneys fees in the amount of $35,000.00 and
(3) AWARDS the plaintiff costs and expenses in the amount of $10,899.69.

Attorney Robert Canty represented the plaintiff until it became clear that he would be a witness in the trial of the c. 93A claim at which time, approximately March 2008, Attorney Michael Murphy represented the plaintiff. As Attorney Murphy’s services were performed solely for the c. 93A claims, defense counsel correctly seeks minimal reduction of these charges as being “non-chapter 93A time billed.”