The opinion of the Court was read at' May term 1823, at Plymouth, as prepared by
Parker C. J.
Before the year 1682, it appears that the bridge over North River was a public charge. At that time, by contract with the towns of Scituatex Marshfield and Duxbury, these towns undertook to support the bridge, in consideration of being relieved from contribution to any other bridge within the colony of Plymouth. This was a fair equivalent, as they were obliged to pay into the treasury their proportion of the expense of building and repairing all the bridges in the colony. But upon the union of the colonies of Massachusetts and Plymouth by the charter of William and Mary, a different order of things took place. As early as 1648, in the colony of Massachusetts, the bridges in the highways were -to be erected and repaired under the direction of the Court of Sessions in each county, who were authorized to assess the expense upon the several towns of the county in proportion to their contribution to public taxes. This provision seems to have remained in force under the provincial government, and since the constitution, until the year 1787, when, by a statute of the Commonwealth, bridges and highways were made chargeable to the town within which they lie, where other sufficient provision is not made therefor.
Is there any other sufficient provision made for the maintenance of this bridge over North River, connecting the towns of Hanover and Pembroke ? The old contract was made between the colonial government and the towns of Scituate, *207 Marshfield and Duxbury. These are the only parties, and no others are bound by the contract. Scituate has been since dismembered by the creation of Hanover, and Duxbury and Marshfield by the creation of Pembroke ; and, in the several acts of incorporation of these new towns, no notice is taken of the contract about the bridge. That contract was dissolved ,jy the severance of the towns, and Pembroke and Hanover,' which were newly created, cannot be considered as let into the contract. They are governed by the general statute passed in 1787, there being no other sufficient provision in force by which the bridge could be kept in repair. The claim on the towns of Duxbury and Marshfield ten or twelve years ago, and their yielding to it, cannot estop them from defending their rights now. The judgment of the Court of Common Pleas must therefore be affirmed.