USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2437 DAVID S. KREWSON, Plaintiff - Appellee, v. CITY OF QUINCY, ET AL., Defendants - Appellees, ____________________ JOHN MCDONOUGH, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Walter Jay Skinner, Senior U.S. District Judge] __________________________ ____________________ Before Boudin, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Young,* District Judge. ______________ _____________________ David C. Jenkins, with whom Grady and Dwyer was on brief for ________________ _______________ appellant. Robert LeRoux Hern ndez for appellee David S. Krewson. _______________________ ____________________ January 23, 1996 ____________________  ____________________ * Of the District of Massachusetts, sitting by designation. YOUNG, District Judge. David S. Krewson ("Krewson") YOUNG, District Judge. _______________ originally brought this action against Quincy Police Lieutenant John McDonough ("McDonough"), McDonough's two immediate super- visors, and the City of Quincy (the "City") pursuant to 42 U.S.C. 1983 and Mass. Gen. L. ch. 12, 11I for violating his civil rights during the course of Krewson's arrest and detention on murder charges.1 Krewson's complaint also stated claims under Mass. Gen. L. ch. 258 (negligence) and common law theories of false arrest, false imprisonment, assault and battery, malicious prosecution, and intentional infliction of emotional distress.  After a four-day trial, the district court granted directed verdicts to both supervisors on all counts, to the City on all counts except negligence under Mass. Gen. L. ch. 258, and to McDonough on all counts but those arising out of certain of his actions on October 12, 1986. The jury found that the City was not liable for negligence, and returned a verdict in favor of McDonough on Krewson's federal civil rights claim. The jury held McDonough liable, however, for intentionally inflicting emotional distress on Krewson (awarding $5,000) and for violating the Massachusetts Civil Rights Act, awarding Krewson $1,500 on this latter claim. Judgment entered on March 20, 1992. None of the parties appealed this judgment. Thereafter, Krewson filed an application under Mass. Gen. L. ch. 12, 11I, seeking $67,387 in attorneys' fees (based on 305.9 attorney hours and 154.7 law clerk hours) and $13,262.29  ____________________ 1 The charges against Krewson were ultimately dismissed. -2- in costs, for a total of $80,649.29. McDonough's counsel made no objection to this application despite Massachusetts District Court Local Rule 7.1(B)(2), which requires the filing of written objection to such a motion within fourteen days after service. The district judge allowed the fee application by written order which, in its entirety, reads: I find that the attorney did the work certified, that his client prevailed, and that the rates charged are reasonable and representative of rates in the community for comparable legal services. The petition is allowed. Margin Endorsement of Petition for Fees, Addendum to Appellee's Brief at 1. This was enough to catch the attention of McDonough's counsel, who promptly moved for reconsideration, belatedly briefing the relevant issues. The district judge denied the motion, and this appeal followed. I. STANDARD OF REVIEW  I. STANDARD OF REVIEW  ______________________ When, in determining a fee award, a district court carefully "weigh[s] the factors to be considered and arrive[s] at an award within a supportable range, the appellate court will not interfere." See Nydam v. Lennerton, 948 F.2d 808, 813 (1st Cir. ___ _____ _________ 1991) (quoting Wojtkowski v. Cade, 725 F.2d 127, 131 [1st Cir. __________ ____ 1984]). Thus, this Court will reverse "only for mistake of law or abuse of discretion." Lipsett v. Blanco, 975 F.2d 934, 937 _______ ______ (1st Cir. 1992); United States v. Metropolitan Dist. Comm'n, 847 _____________ __________________________ F.2d 12, 14-15 (1st Cir. 1988). -3- II. ANALYSIS II. ANALYSIS _____________ Where a request for attorneys' fees comprises a sub- stantive part of the state-law remedy for a state-law cause of action, the proper rule of decision governing the award is derived from Massachusetts, rather than federal, practice. See ___ Northern Heel Corp. v. Compo Indus., Inc., 851 F.2d 456, 475 (1st ___________________ __________________ Cir. 1988) (applying Massachusetts law to the award of attorneys' fees in diversity action). Thus, because Krewson here prevailed on his state civil rights claims and not his 1983 claims, the proper statutory reference is Mass. Gen. L. ch. 12, 11I.  The Massachusetts Civil Rights Act provides that: [a]ny aggrieved person . . . who prevail[s] in an action authorized by __________ this section shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees in an amount __________ to be fixed by the court. Mass. Gen. Laws Ann. 12, 11I (West 1986) (emphasis supplied). McDonough here argues both that Krewson is not a "prevailing party" within the meaning of the statute and that the fees awarded were not "reasonable" in light of the small amount of money awarded Krewson by the jury. Further, McDonough argues that the trial court committed reversible error by awarding Krewson costs, including expert witness fees, in an action arising under state law. 1. "Prevailing party" -- The Supreme Judicial Court of 1. "Prevailing party" --  Massachusetts has "conclude[d] that the Legislature intended 'prevail' to have the same meaning [in ch. 12 11I] as it does -4- in 42 U.S.C. 1988." Batchelder v. Allied Stores Corp., 393 __________ ____________________ Mass. 819, 822 (1985). As a "plaintiff who wins nominal damages is a prevailing party under 1988," Farrar v. Hobby, 113 S. Ct. ______ _____ 566, 573 (1992), the district court did not abuse its discretion in ruling that the jury's award of $1,500 was sufficient to entitle Krewson to prevailing party status under Massachusetts law. See also Wilcox v. City of Reno, 42 F.3d 550 (9th Cir. ___ ____ ______ _____________ 1994) (upholding a $66,535 fee award to plaintiff, loser of a barroom brawl with police, who won $1 on his excessive force claim under 1988).  2. "Reasonableness" -- Although there is no controlling 2. "Reasonableness" -- authority on the Massachusetts standard for "reasonable" attorneys' fees under the state civil rights act, courts have held that, with respect to other fee-shifting statutes in Massachusetts, there is "no pat formula for computation of fee- shifting awards." See, e.g., Peckham v. Continental Casualty ___ ____ _______ ____________________ Ins. Co., 895 F.2d 830, 841-42 (1st Cir. 1990) (awarding _________ attorneys' fees for violation of Mass. Gen. L. ch. 93A in diversity action). Rather, courts should "focus[] on what [counsel's] services were objectively worth." Id. at 842 (citing ___ Heller v. Silverbranch Constr. Co., 376 Mass. 621 [1978] [Hennessey, C.J.]). In making this determination courts may consider a variety of factors, including the nature of the case, the time and labor required, the amount of damages involved, the result obtained, the experience and reputation of the attorney, the usual price charged by other attorneys for similar work, and -5- the amount of awards granted in other cases. See Linthicum v. ___ _________ Archambault, 379 Mass. 381, 388-89 (1979). ___________ Despite the brevity of his endorsement, the district judge here explicitly found that "the attorney did the work as certified, that his client prevailed, and that the rates charged are reasonable and representative of rates in the community for comparable legal services." Margin Endorsement of Petition for Fees, Addendum to Appellee's Brief at 1. In so doing, the district judge adopted the calculation proffered by plaintiff's attorney. This is sufficient to constitute a "clear explanation of the reasons undergirding . . . [the] fee award," and entitles the trial court's determination to deference. Peckham, 895 F.2d _______ at 842; see also Stowe v. Bologna, 417 Mass. 199, 203 (1994) ___ ____ _____ _______ (stating that the trial court should start from the amount of time documented by the plaintiff's attorney and then decide whether these calculations are reasonable, taking into account the public interest in having persons with meritorious claims adequately represented) (fee award for violation of rent control statute); Fontaine, 415 Mass. at 324 ("[t]he amount of a ________ reasonable attorney's fee, awarded on the basis of statutory authority . . . is largely discretionary with the judge, who is in the best position to determine how much time was reasonably spent on a case, and the fair value of the attorney's services"); Deary v. City of Gloucester, 9 F.3d 191, 197 (1st Cir. 1993) _____ ___________________ (stating that appellate courts should defer to any thoughtful rationale articulated by the trial court when reviewing a fee -6- award); United States v. Metropolitan Dist. Comm'n, 847 F.2d 12, _____________ _________________________ 20 (1st Cir. 1988) ("The district court -- which . . . has frequently lived with the litigation and the lawyers for long periods of time, and which is likely to be more familiar with the marketplace -- has the best coign of vantage"). Moreover, where Massachusetts courts have reviewed fee awards pursuant to remedial statutes, they have held that an ________ award of reasonable attorneys' fees should not be reduced to ___ reflect the actual amount of the jury award. See, e.g., Sanitoy, ___ ____ ________ Inc. v. Ilco Unican Corp., 413 Mass. 627, 633-34 (1992) (holding ____ _________________ that because of the nature of the case and the public interest served by the "citizen enforcement" provision of the Massachusetts hazardous waste statute, courts may not reduce an award of reasonable attorneys' fees by a percentage of response costs recovered); Olmstead v. Murphy, 21 Mass. App. Ct. 664, 666, ________ ______ rev. denied, 397 Mass. 1102 (1986) ("[w]hen the public has, as ____________ here, a particular interest in the vindication of a legal right, the market value of legal services . . . should not be automatically discounted because that value is high in relation to the amount recovered") (fee award under Mass. Gen. L. ch. 215, 34A); see also Fontaine v. Ebtec Corp., 415 Mass. 309, 325 _________ ________ ____________ (1993) (determining that in employment discrimination case, "fair market rates for time reasonably spent should be the basic measure of reasonable fees, and should govern unless there are special reasons to depart from them") (fee award pursuant to Mass. Gen. L. ch. 151B, 9). -7- Because the policy interests underlying fee awards under federal civil rights statutes are similar to those underlying fee awards in Massachusetts civil rights cases, case law under 1988 provides additional guidance. The Supreme Court has recognized that a plaintiff who obtains relief in a civil rights lawsuit, especially "in the area of individual police misconduct," acts as a private attorney general deterring future violations and that, therefore, consistent with congressional intent, "reasonable attorney's fees . . . are not conditioned upon and need not be proportionate to an award of money damages." City of Riverside v. Rivera, 477 U.S. 561, 574-76 (1986) ___________________ ______ (upholding $245,456.25 fee award based on jury award of compensatory and punitive damages of $13,300 for federal claims and $20,050 for state claims). Likewise, courts in this circuit have held that in federal civil rights cases a fee award is not limited by the size of the recovery but may, in appropriate circumstance, greatly exceed it. See Lewis v. Kendrick, 944 F.2d ___ _____ ________ 949, 957 (1st Cir. 1991); Gonz les v. Jillson, 642 F. Supp. 908 ________ _______ (D. Mass. 1986) (Tauro, J.) (finding in a police brutality case that the award of $30,922.50 in attorneys' fees when the jury awarded plaintiff $1,000 was not excessive because "[t]he significance of the monetary award [was] outweighed by the im- portant public interests vindicated by the general jury verdict"). "No other result could comport with the principle that plaintiffs should have an unrestricted opportunity to vindicate their civil rights." Lewis, 944 F.2d at 957. Thus, _____ -8- as a remedial civil rights statute, 11I is entitled to a more liberal construction of its terms than other fee shifting statutes such as Mass. Gen. L. ch. 93A. See Batchelder, 393 ___ __________ Mass. at 822. 3. Successful vs. unsuccessful claims -- In one 3. Successful vs. unsuccessful claims --  respect, however, the summary endorsement of the district judge was totally silent. Krewson submitted a fee application that claimed recompense for the entire time his attorney spent pursuing the case. In fact, he "prevailed" on but a portion of his claims, and those but modestly. The endorsement of the district judge nowhere considers the time Krewson spent advancing unsuccessful theories of liability. With respect to the analogous fee shifting provision of Mass. Gen. L. ch. 93A, we have held that if a plaintiff prevails on some of his claims and loses on others, the fee award may be limited to the time spent proving the successful claims, unless it can be shown that the __________ claims were interconnected. See Peckham, 895 F.2d at 841-42 ___ _______ (citing Hanner v. Classic Auto Body, Inc., 10 Mass. App. Ct. 121, 123-24 [1980]); Equitable Life Assoc. Soc. v. Porter-Englehart, ___________________________ ________________ 867 F.2d 79, 91 (1st Cir. 1989) (where Chapter 93A violation proven, fees recoverable only for "any meaningful amount of legal work . . . independently required" by the dereliction); Whyte v. _____ Connecticut Mut. Life Ins. Co., 818 F.2d 1005, 1011 n.20 (1st _______________________________ Cir. 1987) (similar). Here, Krewson claimed false arrest, assault and battery, and false imprisonment -- among other things -- arising out of certain events taking place on October 5-6, -9- 1986. He lost all these claims. This, his counsel told the jury, was one half of his case; the events of October 12 com- prised the other half. App., vol. III at 4-95. The district judge so charged the jury, keeping the claims distinct just as Krewson's counsel had argued. Id. at 4, 104-06. ___ On this record, there is no adequate basis for con- cluding that all Krewson's claims are so sufficiently inter- connected as to warrant a fee award in the total sum claimed by Krewson. Compare Wagenmann v. Adams, 829 F.2d 196, 225 (1st Cir. _______ _________ _____ 1987) (ruling that the suit at issue could not be viewed as a series of discrete claims for purposes of fee award under 1988 where "[a]ll of the triable issues arose out of a short, visibly linked series of events"). Indeed, particularly having in mind that the burden is upon Krewson to show an interconnection between the failed claims and the successful one, not only did they, on their face, appear separate, but they were so presented. Krewson cannot try on the basis of separateness, which facilitated the jury's finding in his favor on at least part of the case, and then, when it comes to fees, contend connectedness. This is not to say that some of the depositions and other preparations were not related both to the events of October 5-6 and those of October 12. So long as the attorney's work was reasonably necessary for the prosecution of the October 12 claims, the district judge can properly charge these fees to McDonough. As we said in Peckham, "in the last analysis, the _______ fee-shifting anodyne focuses on 'what [counsel's] services were -10- objectively worth.'" Peckham, 895 F.2d at 843, citing Heller v. _______ ______ Silverbranch Constr. Corp., 376 Mass. 621, 629 (1978). __________________________ 4. Costs -- The failure to consider apportionment as 4. Costs --  between successful and unsuccessful claims infects the issue of costs as well. McDonough argues that the district court abused its discretion in including expert witness fees and costs in the award. The award of costs in this case is not governed by 1988 as asserted by McDonough. Rather, this Court applies the state standard in evaluating claims for costs if the plaintiff prevailed only on the parallel state claims. See Freeman v. ___ _______ Package Mach. Co., 865 F.2d 1331, 1347 (1st Cir. 1988). Where, _________________ as here, the Commonwealth has granted explicit statutory cost- shifting authority, there is a presumption in Massachusetts law favoring the awarding of expert witness fees. Id. at 1347-49 ___ (upholding the granting of expert witness fees under Mass. Gen. L. ch. 151B, 9) (citing Linthicum, 379 Mass. at 379). In light _________ of that presumption, this Court concludes that expert witness fees may be properly awarded in a successful action under the Massachusetts Civil Rights Act. Freeman does suggest, however, _______ that an expert witness' fee can be prorated to reflect the work performed for certain claims. 863 F.2d at 1350. Here, McDonough appears to make a persuasive argument that the testimony of expert Robert DiGrazia was limited to issues relating to the first half of the case -- the arrest on October 5th (testimony which was later stricken) and the liability of the City. Having remanded the fee award to the district court for apportionment, -11- however, we deem it appropriate likewise to remand to the district judge the issue of costs for resolution in the first instance. Accordingly, the fee award is vacated and the matter of _______ appropriate attorney's fees and costs is remanded to the district ________ court for further proceedings consistent with this opinion. -12-