STAHL, Circuit Judge.
 

 For the second time, defendant-appellant John McDonough challenges the district court’s award of attorneys’ fees. In
 
 Krewson v. City of Quincy,
 
 74 F.3d 15 (1st Cir.1996), McDonough lodged a broad ranging attack on the district court’s award of fees to plaintiff-appellee David Krewson, arguing that the excessiveness of the request made any award unreasonable on its face and that much of the time for which the district court awarded fees was attributable to claims on which Krewson did not succeed. We remanded to the district court the recalculation of the fee award, having agreed with the court that an award was justified. McDonough, still unhappy with the award the district court has made, again appeals. For the second time he requests us to declare the award facially unreasonable, or yet again to remand for further consideration. We decline McDon-ough’s request and affirm the district court’s fee assessment.
 

 This case arose after the police in Quincy, Massachusetts, arrested David Krewson for the murder of his friend and short-term roommate. After a brief investigation the Quincy police questioned, charged and detained Krewson. After a brief further investigation, the Quincy police dropped all charges, having identified the person actually responsible for the crime.
 

 
 *-1491
 
 A few days after Ms release, Krewson returned to the police station. While at the station he encountered McDonough, then a Quincy detective who had investigated the murder and played a significant role in the decision to arrest and charge Krewson. Mc-Donough, apparently concerned that Krew-son might take legal action against him, allegedly threatened to “blow off’ Krewson’s kneecaps should he file suit.
 

 Undeterred by McDonough’s threat, Krewson filed a complaint against McDon-ough, two of Ms immediate supervisors and the City of Quincy based on alleged sloppy police work that led to his arrest and based on the later threat by McDonough. Krewson claimed violations of his civil rights under 42 U.S.C. § 1983 and Mass.Gen.Laws ch. 12 § 111, as well as negligence under Mass.Gen. Laws ch. 258, false arrest, false imprisonment, assault and battery and intentional infliction of emotional distress.
 

 After a four-day trial, the district court directed verdicts in favor of both supervisors on all counts, in favor of the city on all but the negligence count, and M favor of McDon-ough on all counts except those pertaining to the kneecap threat. The jury found McDon-ough liable for intentional infliction of emotional distress and for violating the Massachusetts Civil Rights Act, and awarded Krewson a total of $6,500 in damages.
 

 Krewson filed an application for attorneys’ fees under Mass.Gen.Laws. ch. 12 § 111. The district court awarded a total of $80,-649.29 in fees and costs. McDonough appealed the fee award, and we remanded for a determination of whether time spent on unsuccessful claims should be eliminated from the fee award, and whether the cost of Krew-son’s expert, Robert DiGrazia, should be eliminated as relating solely to the unsuccessful claims.
 
 See Krewson,
 
 74 F.3d at 19-20.
 

 On remand the district court concluded that a fee award which included time spent on unsuccessful as well as successful claims was appropriate, and that DiGrazia’s expert fee was a justifiable cost.
 
 [1]
 
 On appeal Krew-son attempts to resurrect Ms prior argument that the district court should have awarded no attorneys’ fees because the amount sought is excessive for the result achieved. We rejected that argument in the first appeal.
 
 See Krewson,
 
 74 F.3d at 16. The two remaining issues are whether the district court should have awarded fees for the hours spent on unsuccessful claims and whether the court should have included DiGrazia’s fee as part of the award. We find neither issue compelling.
 

 We review the district court’s fee award for abuse of discretion.
 
 See id.
 
 at 17 (quoting
 
 Lipsett v. Blanco,
 
 975 F.2d 934, 937 (1st Cir.1992)). The district court identified a sufficient link between Krewson’s successful and unsuccessful claims to support a fee award that was not reduced for time spent on the unsuccessful claims. The court found that McDonough’s threat and conduct toward Krewson “made no sense at all except in the context of the prior events and the deficiencies of police procedure which led to [Krewson’s] arrest.” The district court concluded that in order to try his successful claims, Krewson would have had to try the entire case, including evidence relevant to the unsuccessful claims.
 

 “In reviewmg determinations that claims are or are not interrelated for purposes of an award of attorneys’ fees, we have exMbited great deference to the trial court’s discretion.”
 
 Lipsett v. Blanco,
 
 975 F.2d 934, 941 (1st Cir.1992). The events prior to McDonough’s threat, which formed the basis for the unsuccessful claims, certamly could be viewed as necessarily linked to the portion of the trial dealing with the threat. It was within the district court’s discretion to determine that without context McDonough’s threat and conduct made little sense. The district court’s conclusion falls witMn its broad discretion.
 

 
 *-1490
 
 The district court further concluded that DiGrazia’s testimony “was appropriately part of [Krewson’s] effort to show why Detective McDonough had legitimate fear of a civil suit, which he tried to forestall by an inappropriate threat.” At trial, DiGrazia testified that the investigation of the murder lacked “correct and accepted standard police practices.” In DiGrazia’s opinion, the investigation was geared more toward quickly finding someone guflty than reaching proper conclusions as to the actual guilty party. DiGrazia further testified that the Quincy police department lacked adequate training and management. Finally, he testified that Detective McDon-ough lacked adequate training in the investigation of homicides. If the jury believed DiGrazia, his testimony would tend to provide a motive for McDonough’s subsequent conduct toward Krewson. On this record it was well within the district court’s discretion to conclude that DiGrazia’s opinions also established the underlying basis for McDon-ough’s threat, making that threat more believable.
 

 Our prior decision did not mandate a reduction to account for Krewson’s prosecution of the unsuccessful claims or DiGrazia’s fee. We simply remanded for the district court to consider those issues.
 
 See Krewson,
 
 74 F.3d at 19-20. The district court has considered them and we do not find an abuse of discretion.
 
 See id.
 
 at 17 (noting that district court’s fee award is reviewed for abuse of discretion).
 

 Affirmed.
 

 [2]
 

 .
 
 Appellee Krewson requests fees on appeal. Ap-pellee is directed to submit a properly detailed petition for appellate fees within 10 days of the issuance of this opinion. Appellant McDonough shall have 10 days thereafter to raise objections to the fee petition. We will retain jurisdiction for purposes of approving any such fee petition.
 

 [1]
 

 . In response to McDonough's general arguments regarding the size of the fee claimed, the district court did subtract 98 hours from Krew-son's request to reflect excessive pre-trial preparation, specifically, time spent on routine motions, reading and indexing depositions and preparing pre-trial memoranda. We note that, as adjusted, the district court awarded Krewson attorneys' fees in the amount of $53,117 and costs in the amount of $13,262.29.