National Right to Life v. Gardner     CV-96-509-M    07/02/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


National Right to Life Political
Action Committee State Fund, et al.

    v.                              Civil No. 96-509-M

William M. Gardner, et al.


**O R D E R**


Plaintiffs seek attorneys' fees pursuant to 42 U.S.C.A. § 1988 following resolution of their civil rights action challenging the constitutionality of certain New Hampshire statutes limiting expenditures by political committees in support of candidates in a state election. Defendants object.

Section 1988 allows an award of reasonable attorneys' fees to a prevailing party in a civil rights action. "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." Farrar v. Hobby, 506 U.S. 103, 111 (1992). In this case, plaintiffs obtained injunctive relief preventing enforcement of particular New Hampshire statutes that purported to restrict plaintiffs' intended expenditures on behalf of state election candidates. See N.H. Rev. Stat. Ann. §§ 664:3,I and V; 664:5,V. The parties agreed, for purposes of their proposed order, that anticipated amendments to the challenged statutes during the 1997 legislative session would likely render plaintiffs' request for declaratory and permanent injunctive relief moot.

Defendants argue that plaintiffs are not entitled to an award of fees because suit was unnecessary. They say plaintiffs could have obtained the state's (or the Attorney General's) agreement not to enforce the challenged statutes simply by asking. The Attorney General would apparently have "allowed" them to make the proposed expenditures on behalf of New Hampshire candidates notwithstanding the express statutory prohibitions. Defendants have offered no authority to support their argument that plaintiffs were obligated to first seek an agreement by the state or its chief law enforcement officer not to enforce state law against them as a precondition to bringing legal action to enjoin enforcement.[1] (Of course, plaintiffs' purpose was not merely to temporarily avoid the effect of the challenged statutes, but to eliminate altogether the apparently unconstitutional state law restrictions on campaign expenditures.)

Plaintiffs obtained a court order preventing defendants from enforcing the statutes and affirmatively protecting plaintiffs' campaign expenditures. The judgment affected defendants' behavior, even if defendants now claim that they would have voluntarily agreed to the same relief without the coercive effect

---

[1] Local Rule 7, cited by defendants, applies to motions practice but does not support defendants' argument concerning the initiation of a suit. See LR 7(c) (party filing a nondispositive motion must make a good faith effort to seek concurrence of the opposing party). Also, Chief Justice Burger's concurrence in Hensley v. Eckerhart, 461 U.S. 424, 440-41 (1983), cited by defendants, pertains to his opinion of the proof necessary to establish the amount of fees owed, and does not address the question of what constitutes a prevailing party.

2

of a suit and court order.  See, e.g. New Hampshire Right to Life Political Action Com. v. Gardner, 99 F.3d 8, 16-17 (1st Cir. 1996) (defendants' representations that the same statutes would not be enforced insufficient to remove threat of prosecution).

Accordingly, for purposes of the fee-shifting provisions of § 1988, plaintiffs are prevailing parties, see Farrar, 506 U.S. at 111-12, and are entitled to an award of reasonable attorneys' fees.  Reasonable attorneys' fees under § 1988 are calculated by determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" along with any appropriate adjustments.  Hensley, 461 U.S. at 433-37; see also In re Thirteen Appeals Arising Out of San Juan, 56 F.3d 295. 305 (1st Cir. 1995).  Plaintiffs are also entitled to an award of reasonable attorneys fees incurred in the preparation of the fee application, and supplemental applications, although much of that time may be compensated at a reduced rate.  Brewster v. Dukakis, 3 F.3d 488, 494 (1st Cir. 1993).

Plaintiffs were represented in the suit by James Bopp, Esq., and Paul Scholle, Esq., of Bopp, Coleson & Bostrom, a law firm located in Terre Haute, Indiana.  Laurence Gillis, Esq., of Exeter, New Hampshire, served as local counsel.

## A.    Hours Reasonably Expended

Plaintiffs bear the burden of submitting sufficiently detailed contemporaneous records of the time and tasks performed to allow the court to examine the reasonableness of the number of

3

hours expended in the litigation.  See Tennessee Gas Pipeline v. 104 Acres of Land, 32 F.3d 632, 634 (1st Cir. 1994).  Here, plaintiffs' counsel have submitted detailed records of their efforts.  Those records document 26.75 hours of work by James Bopp, 70.25 hours by Paul Scholle, and 11 hours spent by the two law clerks, Dale Wilcox and Henry Towner, for a total of 108 hours.  Plaintiffs deducted 3 hours from Mr. Scholle's time to account for time spent on plaintiffs' unsuccessful claims, reducing Mr. Scholle's hours to 67.25.[2]  Local counsel, Laurence Gillis, submitted a bill listing his activities and claiming a total of 17.15 hours.  Plaintiffs' have also filed a supplemental motion for fees incurred in responding to defendants' objections, requesting an award for 53.25 hours of Mr. Scholle's time and 3 hours of Mr. Bopp's time.  Plaintiffs' requests for compensable time are examined to determine whether the time was reasonably spent and is compensable.

In addition to defendants' point that the litigation was unnecessary, which is resolved against them, they also challenge plaintiffs' counsel's time allotments on other grounds. Defendants first argue that the time spent communicating with plaintiffs before registration was denied was not related to this litigation, but was instead legal advice pertaining to plaintiffs' registration that would have been necessary without

---

[2]  Defendants appropriately do not contest plaintiffs' reduction.  See Krewson v. Finn, 107 F.3d 84 (1st Cir. 1997) (reviewing fee award for time spent on unsuccessful claims intertwined with successful claims).

4

the suit. While defendants' objection might have merit in certain circumstances, here, time spent discussing plaintiffs' planned campaign expenditures and registration under New Hampshire law was sufficiently connected to this litigation to be included as compensable time. Plaintiffs' attempted filing on October 4, 1996, was not necessarily the beginning of their counsels' preparation for legal action in this case.

All of the time entries by Bopp, Scholle, and the law clerks are recorded in quarter hour periods, making the minimum billable time period fifteen minutes rather than the more customary six minute periods allowed by billing in tenths. As a result, almost all of their telephone calls and conferences are billed in fifteen minute blocks, resulting in approximately 20 hours of claimed billable time. Many of those calls and conferences could well have, and probably did, require less than fifteen minutes. In addition, as plaintiffs concede, at least some of the conference time is not sufficiently detailed to allow meaningful review of the activity. Accordingly, Mr. Bopp's time is reduced by 1 hour, and Mr. Scholle's time is reduced by 2 hours.

Defendants convincingly argue that Mr. Scholle's time spent drafting the pleadings was excessive. The records show that Mr. Scholle spent approximately 9 hours drafting and reviewing the complaint and 15 hours on motions seeking injunctive relief.[3]

---

[3] Plaintiffs reduced the hours claimed for Mr. Scholle by 3 to account for his time spent on unsuccessful claims. As that reduction was made in the total number of hours listed for Mr. Scholle, it is not considered here.

Given the experience of Mr. Bopp and Mr. Scholle in similar litigation in this district, the First Circuit, and elsewhere, and the relative simplicity of this case, counsel did not require 24 billable hours to draft appropriate pleadings and supporting legal memoranda. See, e.g., Kentucky Right to Life v. Terry, 108 F.3d 637 (6th Cir. 1997); New Hampshire Right to Life Political Action Committee v. Gardner, 99 F.3d 8 (1st Cir. 1996); Maine Right to Life v. Federal Election, 98 F.3d 1 (1st Cir. 1996); Day v. Holahan, 34 F.3d 1356 (8th Cir. 1994); West Virginians for Life v. Smith, 952 F. Supp. 342 (S.D.W.Va. 1996). The court accordingly finds that a reasonable amount of Mr. Scholle's time necessary for drafting and reviewing pleadings under the circumstances of this case is 18 hours and, therefore, reduces his total time by 6 hours.

Mr. Bopp has entered two blocks of time for travel, combined with legal work, totaling 15 hours. Travel time and legal work are not compensated at the same rate. See Furtado v. Bishop, 635 F.2d 915, 922 (1st Cir. 1980) ("we are disinclined to compensate an attorney at professional rates for travel time"); see also Domegan v. Ponte, 972 F.2d 401, 425 (1st Cir.1992) (disallowing various mixed time entries) (vacated on other grounds and remanded, 507 U.S. 956 (1993)). Accordingly, the time reasonably attributed to legal work will be reduced to 10 hours and the remaining 5 hours allocated for combined travel and legal work will be compensated at an appropriately lower rate for travel.

6

Local counsel's records do not provide sufficient detail in some entries and include mixed tasks in others. For example, his notations of phone calls and faxes without any explanation of the subject matter is insufficient to allow the court to assess the reasonableness of the time spent. See, e.g., Tennessee Gas Pipeline, 32 F.3d at 634. In addition, Mr. Gillis is not to be reimbursed at professional rates for his travel time to hearings or for meeting Mr. Bopp at the airport. Accordingly, 1 hour is deducted for insufficiently detailed entries, and 3 hours of travel time is deducted from legal time, but shall be reimbursed at a reduced rate. Mr. Gillis also inappropriately charged his professional rates for clerical tasks such as travel to Concord to file pleadings (4.5 hours of time). See Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992). As defendants have offered the affidavits of alternative service providers, who would have readily performed the filing and service tasks for much less, the court deems the charges for travel by Mr. Gillis to be too much. Accordingly, Mr. Gillis's time is reduced by 4.5 hours and an appropriate adjustment is made to his reimbursable costs, deducting the $48.00 he claims in mileage and allowing $100.00 as a reasonable cost for filing and serving the pleadings.

Plaintiffs' request for fees incurred preparing their motion and supplemental motion for fees is excessive in light of the brevity of this case and counsels' experience both in this type

7

of litigation and in seeking fees.[4] Counsels' time spent seeking an award of attorneys' fees now totals almost 90 hours according to their records, which nearly equals the time spent litigating the underlying case. Such disproportion detracts significantly from the reasonableness of their time request. See Tennessee Gas Pipeline, 32 F.3d at 635 (fee applications are not intended to result in secondary litigation). As to the time spent on the original fee application, Mr. Bopp's time (approximately 2.75 hours) spent gathering fee application information is not compensable at his professional rate, but is otherwise allowed. Mr. Scholle's total time of approximately 28 hours is reduced by 15 hours, and of the remaining 13 hours, 8 hours are deemed compensable at his professional rate. The law clerks' time is allowed. Mr. Gillis' time preparing his bill is reduced by .5 hour.

The supplemental fee application requests fees for an additional 3 hours by Mr. Bopp and 53.25 hours by Mr. Scholle, related to plaintiffs' reply to defendants' objection to their initial application for fees. Plaintiffs' reply countered defendants' argument that because the litigation was unnecessary plaintiffs were not entitled to fees as prevailing parties, and reasserted plaintiffs' contention that their counsels' hourly

_____

[4] In fact, plaintiffs' counsel was contemporaneously engaged in seeking an award of attorneys' fees in a similar case filed in this district. See New Hampshire Right to Life Political Action Committee v. Gardner, No. 96-212-JD, slip op. (D.N.H. April 30, 1997); New Hampshire Right to Life Political Action Committee v. Gardner, No. 96-1744, slip op. (1st Cir. Feb. 28, 1997).

rates and the time expended were both reasonable.  The time claimed is plainly excessive and unreasonable.  Mr. Bopp's time is reduced by 1 hour and Mr. Scholle's time is reduced by 40 hours.

Therefore, after a careful review of plaintiffs' motion and supplemental motion for attorneys' fees and the materials submitted, the court finds the following hours to be reasonable and allowable:

Mr. Bopp:          20 hours legal work

                    5 hours travel

                    2.75 hours fee information

Mr. Scholle:      52.50 hours legal work

                    5 hours fee information

Mr. Wilcox:        4.75 hours

Mr. Towner:        6.25 hours

Mr. Gillis:        8.15 hours legal work

                    3 hours travel

                    .5 hours fee information

B. **Hourly Rates**

The court concludes that the hourly rates determined to be reasonable by the First Circuit and the Chief Judge of this district in awarding attorneys' fees to different plaintiffs represented by the same law firm in a similar action litigated in this court, are also reasonable here.  Accordingly, the court finds the following hourly rates to be reasonable: $175 for Mr.

9

Bopp; $125 for Mr. Scholle; and $65 for the law clerks, Mr. Wilcox and Mr. Towner. Plaintiffs also request reimbursement at the rate of $100 per hour for local counsel, Mr. Gillis, which the court approves. Time spent in travel and gathering fee information is appropriately compensated at $65 per hour.

The following attorneys' fees are allowed as reasonable:

| Mr. Bopp: | 20 hours @ $175 | = $3500.00 |
|---|---|---|
| | 7.75 hours @ $65 | = $ 503.75 |
| | **TOTAL** | **= $4003.75** |
| Mr. Scholle: | 52.50 hours @ $125 | = $6562.50 |
| | 4 hours @ $65 | = $ 325.00 |
| | **TOTAL** | **= $6887.50** |
| Mr. Wilcox: | 4.75 hours @ $65 | **= $ 308.75** |
| Mr. Towner: | 6.25 hours @ $65 | **= $ 406.25** |
| Mr. Gillis: | 8.15 hours @ $90 | = $ 815.00 |
| | 3.5 hours @ $65 | = $ 227.50 |
| | **TOTAL** | **= $ 1042.50** |

The court allows a total attorneys' fees award of **$ 12,648.75**.

## C. Costs

Plaintiffs also seek $1,389.58 in costs associated with the litigation, and their initial fee application, and $186.40 in additional costs associated with preparation of their supplemental motion for fees. They also request $114.00 in expenses claimed by Mr. Gillis. As noted above, Mr. Gillis's

10

costs are adjusted by subtracting $48.00 in travel expense and adding $100.00 as a reasonable cost for filing and serving the pleadings in this case for a total of $166.00.

Defendants contest an award of the costs of Mr. Bopp's travel expense for his trip to Manchester for the hearing held on October 10, 1996, on grounds that the hearing was unnecessary. The court has resolved that issue in favor of plaintiffs. The challenged amount, $1,127.45, is presumed to be primarily the cost of airplane fare to New Hampshire and related out-of-pocket travel expenses, as Mr. Bopp's law firm is located in Terre Haute, Indiana. Since defendants do not contest the cost of the ticket or suggest that Mr. Bopp did not, in fact, incur travel expenses in that amount, the court allows the cost.

Costs are allowed in the amount of $1741.98.

## CONCLUSION

Plaintiffs' motions for attorneys' fees and costs (documents nos. 13 and 23) are granted in part as explained herein. Attorneys' fees are awarded in the amount of $ 12,648.75 and costs are awarded in the amount $ 1741.98.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 2, 1997

cc:  Laurence J. Gillis, Esq.
     Paul R. Scholle, Esq.
     Lucy C. Hodder, Esq.