USCA1 Opinion

 

 [NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit
 
 
 
 
 
No. 99-1234
 
 STEVE CONNOLLY AND PAUL ADAO,
 
 Plaintiffs, Appellees,
 
 v.
 
 WOODROW T. HARRELSON,
 
 Defendant, Appellant.
 
 
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF MASSACHUSETTS
 
 [Hon. William G. Young, U.S. District Judge]
 
 
 
 Before
 
 Stahl, Circuit Judge,
 Gibson,* Senior Circuit Judge,
 and Lynch, Circuit Judge.
 
 
 
 
 Anthony A. Scibelli on brief for appellant.
 Lee M. Berger, Richard T. Marr, and Berger & Markir, P.C. on
brief for appellees. 

AUGUST 25, 1999

 
 
 
 
 
_____________________

*Of the Eighth Circuit, sitting by designation. Per Curiam. This is an appeal of an award of attorneys'
fees under the Massachusetts Civil Rights Act (MCRA), Mass. Gen.
Laws ch. 12, 11I. Defendant-appellant Woodrow T. Harrelson
contends that the district court erred by awarding unreasonably
high attorneys' fees in light of the results obtained by plaintiffs
in this case. We affirm the order of the district court.
 I. Factual Background
 Harrelson, an actor, was involved in an altercation with
plaintiffs, both of whom were photographers. As a result of the
altercation, plaintiffs brought this diversity action, charging
various intentional torts, as well as civil rights violations under
the MCRA. In their complaint, each plaintiff sought in excess of
$150,000 damages.
 After a five-day trial, the jury found for plaintiffs on
all the intentional tort and MCRA counts. The jury awarded one
plaintiff approximately $2,500 in compensatory damages and the
other $1.
 Plaintiffs subsequently sought attorneys' fees as
prevailing and aggrieved parties under the MCRA. The district
court awarded approximately $79,000 in fees. Although he had an
opportunity to do so, Harrelson never substantively challenged
plaintiffs' submissions regarding appropriate fees. Harrelson
appealed both the underlying verdict and the size of the fee award. 
He subsequently dropped his challenge to the verdict and thus we
are concerned here only with his appeal of the fee award. II. Discussion
 This court reviews an award of attorneys' fees for abuse
of discretion. See Krewson v. City of Quincy, 74 F.3d 15, 17 (1st
Cir. 1996). Massachusetts law provides the "proper rule of
decision." Id. The MCRA requires judges to award reasonable
attorneys' fees to a prevailing and aggrieved party. See Mass.
Gen. Laws ch. 12, 11I. Harrelson contests only the
"reasonableness" of the award.
 In awarding fees under remedial statutes, Massachusetts
courts "may consider a variety of factors, including the nature of
the case, the time and labor required, the amount of damages
involved, the result obtained, the experience and reputation of the
attorney, the usual price charged by other attorneys for similar
work, and the amount of awards granted in other cases." Krewson,
74 F.3d at 17 (citing Linthicum v. Archambault, 379 Mass. 381, 388-
89 (1979)).
 Harrelson's only contention on appeal is that the
plaintiffs' "result obtained" in this suit -- $2,501 collectively
-- should be measured against the damages they sought in their
original complaint. He argues that given the wide disproportion
between the damages sought and the damages awarded, plaintiffs 
obtained little success. For this reason, in his view, the
district court abused its discretion in awarding $79,000 in fees.
 We do not agree. Under the MCRA and other remedial
Massachusetts statutes, the "result obtained" is only one of the
multiple factors courts may consider. See Krewson, 74 F.3d at 17-
18. The district court had before it -- and averted to -- numerous
submissions of plaintiffs, none of which Harrelson contested. 
Moreover, the court, in arriving at the fee award, expressly
considered the "result obtained" in addition to these submissions. 
We find no abuse of discretion. See Deary v. City of Gloucester,
9 F.3d 191, 197 (1st Cir. 1993) (stating that appellate courts
should give deference to a district court's determination of
attorneys' fees and "avoid extensive second guessing").
 III. Fees on Appeal
 Plaintiffs seek an award of attorneys' fees in connection
with the present appeal. Under Massachusetts law, the decision to
award such fees is purely discretionary. See Linthicum, 379 Mass.
at 389; Burney v. City of Pawtucket, 728 F.2d 547, 550 (1st Cir.
1983). We decline to make such an award.
 Affirmed. Costs to appellees.