**Danny NORRIS, Plaintiff,**

v.

**Michael MURPHY, Defendant.**

**No. CIV.A.00–12599–RBC.**

United States District Court,
D. Massachusetts.

Oct. 21, 2003.

Howard Friedman, Law Offices of Howard Friedman, Myong J. Joun, Howard Friedman Law Offices, Boston, MA, for Danny Norris, Plaintiff.

James M. Chemetsky, William T. Cuttle, City of Boston Law Department, Boston, MA, William J. Donahue Devine, Millimet & Branch, Andover, MA, Susan M. Weise, City of Boston Law Department, Boston, MA, for Michael Murphy, Defendant.

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS (sic) *FEES AND EXPENSES (# 67)***

COLLINGS, United States Magistrate Judge.

### I. Introduction

At the end of a three day trial, the jury found that plaintiff Danny Norris (hereinafter "Norris") had proven by a preponderance of the evidence that defendant Michael Murphy (hereinafter "Murphy") had deprived him of his constitutional right to freedom of speech under both federal and state law. As a consequence of this constitutional deprivation, the jury awarded the plaintiff the nominal amount of one dollar ($1.00) in damages. Following the entry of judgment, Norris filed a motion under the Massachusetts Civil Rights Act (hereinafter "MCRA"), Mass. Gen. L. c. 12, § 11I, and the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988, seeking fifty-five thousand eighty-six dollars and thirty-six cents ($55,086.36) in attorneys' fees and expenses from Murphy. The defendant opposes that motion.

### II. Facts

On December 23, 1999, Norris was employed as the lead field engineer on the Central Artery Tunnel project in Boston, the so-called "Big Dig." On that day, Murphy, a Boston Police Officer, was working a private detail for the tunnel project. The plaintiff asked the defendant to move his illegally parked, personal vehicle or risk being towed. When Murphy refused, the plaintiff became irate and began shouting obscenities at the defendant. In response, Murphy placed Norris under arrest for disorderly conduct but later released him following a conversation with a police lieutenant.

Approximately one year later Norris instituted this lawsuit, bringing claims under 42 U.S.C. § 1983, Mass. Gen L. c. 12, § 11I and common law alleging that Murphy used excessive force and violated the plaintiff's constitutional rights in arresting him. When it came time to instruct the jury, the parties stipulated that a verdict on any of the federal civil rights claims would simultaneously serve as a verdict under the MCRA. The jury concluded that because the arrest would not have taken place but for the plaintiff's exercise of his right to freedom of speech, Murphy had violated Norris' First Amendment rights. The jury also determined that Murphy did not deprive Norris of a constitutional right by arresting him on December 23, 1999 without probable cause to believe that he had committed a crime, that Murphy had not used excessive force in effectuating the arrest and that Murphy's conduct was not outrageous because of its evil motive and/or reckless disregard for the rights of others. As earlier noted, the jury awarded the plaintiff one dollar ($1.00) in nominal damages.

### III. The Parties' Positions

The plaintiff argues that he is entitled to an award of attorneys' fees and costs because he is (1) a prevailing party under 42 U.S.C. § 1988 and Mass. Gen. L. c. 12, § 11I, and (2) the fees and expenses are reasonable under the standards set forth by the federal and state courts.

The defendant contends that (1) despite qualifying as a prevailing party, the plaintiff is not entitled to reasonable attorneys' fees or costs because the victory should be considered *de minimis* and (2) the only reasonable fee given to a technical victor is no fee at all.

### IV. Discussion

Norris is seeking an award of attorneys' fees and costs pursuant to both 42 U.S.C. § 1988 and Mass. Gen. L. c. 12, § 11I.

Section 1988 provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." In similar fashion, Mass. Gen. L. c. 12, § 11I reads: "any aggrieved person or persons who prevail in an action ... shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees in an amount to be fixed by the court." The parameters of both the federal and state law shall be reviewed.

### A. Federal Law

■ "A plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). It is undisputed in this case that under federal law, Norris qualifies as a prevailing party despite having been awarded only nominal damages. *See Farrar*, 506 U.S. at 112, 113 S.Ct. 566 (holding that in civil rights litigation, a nominal damage award of $1.00 still qualifies the plaintiff as a prevailing party because the defendant's behavior is altered when he must pay damages, nominal or otherwise, to the plaintiff). Although Murphy acknowledges the plaintiff's status as a prevailing party under federal law, he takes the position that this status, in fact, is only technical. *Farrar*, 506 U.S. at 114, 113 S.Ct. 566. The distinction is significant in the current context because the Supreme Court has stated that "although the technical nature of a nominal damage award ... does not affect the prevailing party inquiry, it does bear directly on the propriety of fees awarded under § 1988." *Farrar*, 506 U.S. at 114, 113 S.Ct. 566. According to the Supreme Court, once a party is deemed to be "prevailing",

'the degree of the plaintiff's overall success goes to the reasonableness' of a fee award under *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *Garland, supra,* 489 U.S. at 793, 109 S.Ct. at 1494. Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' *Hensley, supra,* 461 U.S. at 436, 103 S.Ct. at 1941. *Accord, Marek v. Chesny,* 473 U.S. 1, 11, 105 S.Ct. 3012, 3017, 87 L.Ed.2d 1 (1985).

*Farrar,* 506 U.S. at 114, 113 S.Ct. 566.

In the *Farrar* case, the plaintiffs had sought seventeen million dollars in compensatory damages for alleged violations of their constitutional rights, but were awarded only one dollar in nominal damages. *Farrar,* 506 U.S. at 106–107, 113 S.Ct. 566. As explained by the Supreme Court, "[i]n a civil rights suit for damages, however, the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury." *Farrar,* 506 U.S. at 115, 113 S.Ct. 566 (citations omitted). In such circumstances where the plaintiff has not established actual compensable injury and thus the victory achieved is only technical or *de minimis,* "the only reasonable fee is usually no fee at all." *Farrar,* 506 U.S. at 115, 113 S.Ct. 566.

Murphy asserts that, as in the *Farrar* case, Norris achieved only *de minimis* success because the jury failed to award compensatory damages. *See, e.g., Pouillon v. Little,* 326 F.3d 713 (6th Cir.2003) (vacating an award of fees for a $2.00 recovery on a First Amendment claim); *Johnson v. City of Aiken,* 278 F.3d 333 (4th Cir.2002) (vacating an award of fees after a recovery of $0.35 to each of the two plaintiffs). The plaintiff disagrees, contending that not only did the jury verdict vindicate his actions, it also served a significant public interest in sending a message to police officers that they may not abuse their power to arrest. Indeed, the First Circuit has found on occasion that an award of attorneys' fees serves a public policy when civil rights issues are at stake. *See, e.g., Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 295 (1st Cir.2001)(awarding what the Court believed to be reasonable attorneys' fees because it encourages citizens to vindicate their civil rights which are matters that involve the public as a whole); *O'Connor v. Huard,* 117 F.3d 12, 18 (1st Cir.1997), *cert. denied,* 522 U.S. 1047, 118 S.Ct. 691, 139 L.Ed.2d 636 (1998) (maintaining an attorney's fee award even though the plaintiff received only nominal damages, because despite the lack of monetary award, the vindication of constitutional rights still acts as a deterrent).

To summarize, the First Circuit has refused blindly to follow the simplistic rule that when *de minimis* success is achieved, the only reasonable attorneys' fee is no fee as advocated by the defendant. Rather, the Court interprets *Farrar* as "instruct[ing] district courts...that in exercising their discretion they should consider the reasonableness of an award of fees in light of the " 'relationship between the extent of success and the amount of the fee award.' " " *O'Connor,* 117 F.3d at 17 (citations omitted). Considerations such as "the deterrent impact" of the lawsuit and "the importance of providing an incentive to attorneys to represent litigants...who seek to vindicate constitutional rights but whose claim may not result in substantial monetary compensation" are to be weighed when considering an award of attorneys' fees. *O'Connor,* 117 F.3d at 18. Although this action did primarily seek monetary compensation, it certainly also involved the vindication of Norris' constitutional rights. Moreover, the

litigation stems from police misconduct which should be deterred. In short, from all that appears, Norris would be entitled to an award of attorneys' fees under federal law.

### B. State Law

■ The Massachusetts Civil Rights Act applies only to cases in which a person's rights have been abridged by "threats, intimidation or coercion." *Bell v. Mazza,* 394 Mass. 176, 182–3, 474 N.E.2d 1111, 1115 (Mass.1985) (citing the MCRA). If one prevails under the MCRA, reasonable attorneys' fees may be awarded at the discretion of the court. *Krewson v. City of Quincy,* 74 F.3d 15, 17 (1st Cir.1996).

■ The Supreme Judicial Court has plainly stated that in drafting Mass. Gen L. c. 12, § 11I, the Massachusetts legislature intended the term "prevail" to have the same meaning as did its counterpart in 42 U.S.C. § 1988. *Batchelder v. Allied Stores,* 393 Mass. 819, 822, 473 N.E.2d 1128, 1130 (1985). Thus, as noted earlier, a party who recovers only nominal damages is yet a prevailing party. *Farrar,* 506 U.S. at 112, 113 S.Ct. 566. The jury's determination on Question 2 of the special verdict form that the defendant violated the plaintiff's constitutional right to freedom of speech and the award of one dollar qualifies Norris as a prevailing party under state law.

■ Massachusetts law permits an award of reasonable attorneys' fees following a jury verdict of only nominal damages. *Krewson,* 74 F.3d at 16. The Court, while vested with discretion in deciding the amount of the award, is nevertheless required to make an independent assessment of what constitutes a reasonable award. *See Connolly v. Harrelson,* 33 F.Supp.2d 92, 95, *aff'd,* 201 F.3d 426 (1st Cir.1999). There is no set standard of reasonableness for attorneys' fees under

the MCRA. *Krewson,* 74 F.3d at 17. Rather, Massachusetts courts have chosen to focus on what the "services were objectively worth" by considering

> a variety of factors including the nature of the case, the time and labor required, the amount of damages involved, the result obtained, the experience and reputation of the attorney, the usual price charged by other attorneys for similar work, and the amount of awards granted in other cases.

*Krewson,* 74 F.3d at 17 (citations omitted).

■ In a case such as this where attorneys' fees are being awarded under the MCRA, those fees need not be reduced to reflect the actual amount awarded by the jury. *Connolly,* 33 F.Supp.2d at 96 (citing *Krewson,* 74 F.3d. at 18) ("[W]here Massachusetts courts have reviewed fee awards pursuant to *remedial* statutes, they have held that an award of reasonable attorneys' fees should *not* be reduced to reflect the actual amount of the jury award." (emphasis in original)). Because the MCRA is a remedial statute, the Court, in its discretion, can refuse to reduce a fee award. *Connolly,* 33 F.Supp.2d. at 96. Moreover, the remedial nature of the MCRA allows for a more liberal interpretation than other fee shifting statutes. *Krewson,* 74 F.3d at 18.

While it is true, as Murphy asserts, that there is no case law addressing the precise issue at hand, i.e., the amount of attorneys' fees to be awarded when the damages involved are *de minimis,* there are cases discussing the impact of the public interest involved. The *Krewson* Court observed that:

> Because the policy interests underlying fee awards under federal civil rights statutes are similar to those underlying fee awards in Massachusetts civil rights cases, case law under § 1988 provides

additional guidance. The Supreme Court has recognized that a plaintiff who obtains relief in a civil rights lawsuit, especially "in the area of individual police misconduct," acts as a private attorney general deterring future violations and that, therefore, consistent with congressional intent, "reasonable attorney's fees ... are not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera*, 477 U.S. 561, 574–76, 106 S.Ct. 2686, 2694–95, 91 L.Ed.2d 466 (1986) (upholding $245,456.25 fee award based on jury award of compensatory and punitive damages of $13,300 for federal claims and $20,050 for state claims). *Krewson*, 74 F.3d at 18.

Similar reasoning has been applied in other police misconduct cases when fees awarded were not necessarily proportioned to jury awards. *See Lewis v. Kendrick*, 944 F.2d 949, 957 (1st Cir.1991) (a fee recovery may greatly exceed awarded damages because plaintiffs need an unrestricted opportunity to vindicate their civil rights); *Gonzales v. Jillson*, 642 F.Supp. 908 (D.Mass.1986) (issues involving civil rights deter police misconduct and reinforce public confidence that it is free from abuse).

In sum, given that the instant case involved police misconduct and the jury found that the defendant police officer in fact violated the plaintiff's rights under the MCRA, the Court is clearly justified in awarding attorneys' fees and costs under Mass. Gen. L. c. 12, § 11I and shall do so.

### C. The Fees

 The parties agree that reasonable attorneys' fees are determined via the lodestar method. (# 68 at 4; # 73 at 7)

Essentially this means that the total number of hours reasonably spent in litigating the case is multiplied by a reasonable hourly rate. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 951 (1 Cir., 1984); *Connolly*, 33 F.Supp.2d at 95. Norris' attorneys generally seek rates of $325.00 and $150.00 per hour respectively for lead counsel and his associate, while for less demanding work $200.00 and $100.00 per hour is requested.[1] Further, the rate of $75.00 per hour across the board for paralegals and law students is sought. The defendant contends that these rates are too high.

 Courts have explained that " '[f]air market rate' is the 'reasonable hourly rate of compensation prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' " *Connolly*, 33 F.Supp.2d at 95 (citation omitted). Plaintiff's lead counsel has filed an affidavit in support of his fee request which reflects that he graduated from law school in 1977 and is a member of the Bar of the Supreme Court, the·SJC, the First Circuit and the United States District Court for the District of Massachusetts. He has been engaged in private practice since 1981, emphasizing throughout civil rights litigation, and has tried many police misconduct cases. (# 68, Exh. 6 ¶¶ 10, 11, 12) He is a member of several bar associations and has held leadership roles in those and other organizations. (# 68, Exh. 6 ¶ 13) He has lectured on police civil liability and has published articles on civil rights litigation. (# 68, Exh. 6 ¶¶ 14, 15) He does not have a

---

1. *The defendant complains that the plaintiff's attorneys have made no distinction between core and non-core activities, but rather seek the same hourly rate for all of their work. However, this award is being made pursuant to the MCRA and under Massachusetts law, no such distinction is made. See Connolly, 33 F.Supp.2d at 96.*

standard hourly billing rate since his cases are primarily taken on a contingent fee basis or in anticipation of receiving an award of attorneys' fees. (# 68, Exh. 6 ¶ 17). However, he has provided a sample of hourly billing rates for the largest Massachusetts firms published in *Lawyers Weekly* and an affidavit from the General Counsel to Northeastern University who opines that all the rates sought, including that for Attorney Friedman, are reasonable. (# 68, Exh. 6 ¶ 19 and Exh. 8) Finally, counsel notes that his last fee award in the United States District Court in 1999 was at a rate of $240.00 an hour, and that he believes his current rate should be $325.00 per hour.

The defendant contends that the recent awards in civil rights cases have been at an hourly rate of $200.00 to $250.00 per hour, making the $325.00 rate exorbitant. *See Martinez v. Hodgson*, 265 F.Supp.2d 135, 143 (D.Mass.2003)(finding a rate of $350.00 per hour excessive in light of recent precedent ranging from $225.00 to $250.00) The Court finds that Murphy's point is well taken, and concludes that a reasonable hourly rate for Attorney Friedman is $265.00 per hour.[2]

■ Associate attorney Myong J. Joun, too, has filed an affidavit wherein he indicates that he graduated from law school and began practicing law, in particular civil rights litigation, in 1999. (# 68, Exh. 7 ¶¶ 3, 5) For two years during law school he worked full-time as a paralegal in Attorney Friedman's office. (# 68, Exh. 7 ¶ 4) He is a member of the bar of the SJC, the First Circuit and the United States District Court for the District of Massachusetts. (# 68, Exh. 7 ¶ 2) He is a member of numerous bar associations, and holds lead-

ership roles in two of them. (# 68, Exh. 7 ¶ 6)

Again, Murphy argues that the rate of $150.00 is excessive and cites *Martinez* for the more reasonable hourly rate of $120.00 for a junior associate. *Martinez*, 265 F.Supp.2d at 144. The Court concludes that a rate of $125.00 per hour is reasonable for Attorney Joun.[3]

■ Nothing has been proffered regarding the six paralegals and law students for whom fees are sought, for example, the extent of their experience, how much law school they had been completed, etc. Given the dearth of information available, the Court agrees with Judge Young's assessment in *Martinez* and finds the rate of $60.00 per hour to be reasonable. *Martinez*, 265 F.Supp.2d at 146.

With the applicable rates established, the Court now turns to a review of the number of hours expended. The sum of the defendant's argument supporting his position that the requested hours should be reduced is that "[i]n this case, a total of 284.3 hours were expended by two attorneys, two paralegals and four law students to obtain a recovery of $1.00. As such, the case was overstaffed and the number of hours expended on the litigation was unreasonable." (# 73 at 11) Murphy points to nothing specific in the attorneys' time sheets (# 68, Exh. 2) to which he objects as duplicative or inordinate or otherwise unacceptable.

Having reviewed the attorneys' submissions, the Court finds that counsel have done an admirable job in paring down their hours. For example, no time is billed for work relating to Norris' damages claim.[4] No bill is submitted for the time a

---

2. *The rate of $150.00 per hour is reasonable for the less demanding work.*

3. *The rate of $75.00 per hour is reasonable for the less demanding work.*

4. *All of the plaintiff's claims were premised on*

law student spent attending the trial. The more mundane work was assigned to associate counsel or the paralegals and law students and thus billed at a lower hourly rate. Moreover, certain time billed for both lead and associate counsel for such things as waiting time and preparation of the motion for attorneys' fees motion are submitted at a lower rate. The total time for which compensation is sought is not extraordinary, particularly when note is taken that the majority of the time was spent in the weeks immediately in advance of trial and at the trial itself. In short, having reviewed the time records provided by counsel, the Court finds that the number of hours expended for which payment is sought is reasonable.

Since neither party seeks an adjustment either up or down in the lodestar for reasons other than those already discussed, all that remains is the mathematical calculations. Based on the foregoing, Attorney Friedman is entitled to 97.50 hours at $265.00 per hour for a total of $25,837.50 and 6.60 hours at $150.00 per hour for a total of $990.00. Attorney Joun is entitled to 52.20 hours at $125.00 per hour for a total of $6,525.00 and 23.60 hours at $75.00 per hour for a total of $1770.00. The paralegals/law students combined are entitled to 104.4 hours at $60.00 per hour for a total of $6,264.00.

The defendant has interposed no objection to the costs sought in the sum of four thousand sixty-four dollars and eighty-six cents ($4,064.86), and so this amount shall be awarded in its entirety.[5]

### V. Conclusion And Order

Accordingly, it is ORDERED that the Plaintiff's Motion For Attorneys (sic) Fees And Expenses (# 67) be, and the same hereby is, ALLOWED to the extent that, pursuant to Mass.Gen.L. c. 12, § 11I, an Amended Judgment shall enter awarding the plaintiff forty-five thousand four hundred fifty-one dollars and thirty-six cents ($45,451.36) as the reasonable attorneys' fees and expenses of this litigation.

---

the same nucleus of facts, so no reduction need be taken for Norris' failure to succeed on all counts. *See Krewson v. Finn,* 107 F.3d 84, 85 (1st Cir.1997).

5. Once again the costs relating to Norris' damages claims, *i.e.,* expert fees, depositions of experts, etc., have been culled out and recompense for them is not requested.